a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD ALAN ARLEDGE, Petitioner | CIVIL DOCKET NO. 1:19-CV-752-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Richard Alan Arledge ("Arledge") (#16769-078). Arledge is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Prison Camp in Pollock, Louisiana.

Because Arledge's claim does not arise under § 2241, and he cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I.   Background

Arledge was convicted of conspiracy to commit money laundering, and was sentenced to a total of 188 months of imprisonment. United States v. Arledge, 524 F. App'x 83 (5th Cir. 2013). His conviction and sentence were affirmed. Id.; cert. denied, 571 U.S. 890 (2013).

Arledge filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. Arledge v. United States, 4:09-cr-89, 2016 WL 3277281 (E.D. Tex. June 14, 2016). The United States Court of Appeals for the Fifth Circuit denied Arledge's

motion for certificate of appealability because Arledge could not make "a substantial showing of the denial of a constitutional right." United States v. Arledge, 873 F.3d 471, 473 (5th Cir. 2017).

Arledge filed a motion for authorization to file a successive § 2255 petition, contending that "the district court was without jurisdiction to convict him because the Assistant United States Attorneys who prosecuted his case were not duly appointed and did not take oaths of office as required by the Appointments Clause of the Constitution and 28 U.S.C. § 542(a)." (Case: 18-40879, Document 00514727575, 5th Cir. 11/16/18). The motion was denied. Id.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Arledge claims that his conviction and sentence are invalid because the court lacked jurisdiction to prosecute him. Therefore, his claim arises under § 2255, which must be brought in the court of conviction. Arledge previously filed a § 2255 motion in that court, which was denied and dismissed. Arledge v. United States, 4:09-cr-89, 2016 WL 3277281 (E.D. Tex. June 14, 2016). Therefore, he cannot file another § 2255 motion without authorization from the Fifth Circuit.

Arledge requested authorization from the Fifth Circuit to file a successive § 2255 motion on the same grounds presented in this § 2241 Petition (Case: 18-40879, Document 00514727575, 5th Cir. 11/16/18). The Fifth Circuit denied authorization "[b]ecause Arledge does not identify any newly discovered evidence of innocence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review . . . ." Id.

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Arledge does not cite a retroactively applicable Supreme Court decision establishing that he may have been convicted of a non-existent offense. Therefore, Arledge cannot meet the requirements of the savings clause and cannot proceed under § 2241.

### III. Conclusion

Because Arledge's claim does not arise under § 2241, and he cannot meet the requirements of the savings clause of § 2255(e), his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Arledge's claims.[1]

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed without prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of July, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5